# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1469
Lower Tribunal No. 2021-CF-012178-A-O

_____

RICHARD CALVIN JONES, II,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Jenifer M. Harris, Judge.

February 13, 2026

PRATT, J.

Appellant pleaded nolo contendere to one count of trafficking in fourteen grams or more of fentanyl, one count of trafficking in 200 grams or more of phenethylamines, one count of possession of a firearm in commission of a felony, one count of possession of any place, structure, trailer or conveyance for trafficking in a controlled substance, one count of delivery or possession with intent to deliver or manufacture of drug paraphernalia, and one count of possession of a firearm by a convicted felon. In doing so, he reserved his right to appeal the trial court's denial

of his motion to suppress. *See* Fla. R. App. P. 9.140(b)(2)(A)(i). On appeal, Appellant asserts that law enforcement's warrantless search of his vehicle fails to satisfy the protective sweep exception to the Fourth Amendment's warrant requirement. Alternatively, he argues that even if the protective sweep exception applies, the plain view exception does not and that the evidence of his crimes observed by law enforcement during the protective sweep of his vehicle should therefore be suppressed.

At the evidentiary hearing held on Appellant's motion to suppress, the evidence presented showed among other things that Appellant had previously fled from a traffic stop after law enforcement observed narcotics in his vehicle; that an arrest warrant was subsequently issued for Appellant for fleeing and eluding; that prior to arresting Appellant for fleeing and eluding law enforcement conducted an investigatory background check that revealed Appellant had multiple felony convictions and firearms charges and was on probation for narcotics trafficking; that law enforcement arrived at Appellant's residence to conduct surveillance a few weeks after the traffic stop; that upon arriving at Appellant's residence law enforcement observed that Appellant's vehicle was already present and running and that Appellant and another individual exited and reentered the vehicle with Appellant as the driver and the other individual as a passenger; that law enforcement could not determine if anyone else was inside the vehicle during the approximately

2

fifteen minutes of surveillance of the vehicle and residence; that after Appellant drove the vehicle from the residence law enforcement decided to follow the vehicle until Appellant exited the vehicle for a safer apprehension; that law enforcement arrested Appellant outside of a gas station after he exited the vehicle; that law enforcement moved behind the cover of a law enforcement vehicle after observing furtive movements through the tinted windows[1] of Appellant's vehicle; that law enforcement called out for anyone inside the vehicle to exit and that a passenger exited the vehicle, closed one of the passenger doors, and was detained; that the passenger told law enforcement no one else was in the vehicle but law enforcement did not trust her statement in part because the passenger denied knowing Appellant; that law enforcement cautiously approached the vehicle with guns drawn; that law enforcement opened two of the passenger doors of Appellant's tinted vehicle and conducted a brief protective sweep of the vehicle out of concern for officer safety

---

[1] As one officer put it at the motion to suppress hearing regarding the window tint: "[W]e c[ouldn't] clearly see through the vehicle because it's—they had the illegal window tint on there . . . . We couldn't see through it. . . . [I]t was definitely way darker than it should have been." As the passenger of the vehicle put it at the motion to suppress hearing regarding the window tint: "You c[ouldn't] see inside." Contrary to Appellant's contention, there is no contradiction between the officer's testimony that the officers observed furtive movements inside the tinted vehicle before a passenger exited the vehicle and the officer's testimony that the officers were unable to see if other occupants were still located inside the tinted vehicle, as both statements can be true. Moreover, body camera footage from two of the arresting officers was admitted into evidence and is not inconsistent with the officer's testimony.

shortly after Appellant and his passenger exited the vehicle and were taken into custody because law enforcement could not see if other occupants were still located inside the tinted vehicle; that during the protective sweep law enforcement observed illegal drugs located inside the vehicle in plain view and also smelled burned marijuana; and that while placing the illegal drugs into evidence bags law enforcement also observed a firearm inside the vehicle in plain view.[2]

Having considered the parties' arguments, the record on appeal, and the totality of the circumstances surrounding the search of Appellant's vehicle by law enforcement, we affirm the trial court's denial of Appellant's motion to suppress based on the protective sweep and plain view exceptions to the warrant requirement. *See, e.g.*, *Arizona v. Gant*, 556 U.S. 332, 347 (2009) (holding that established exceptions to the Fourth Amendment's warrant requirement "ensure that officers may search a vehicle when genuine safety or evidentiary concerns encountered during the arrest of a vehicle's recent occupant justify a search"); *Maryland v. Buie*, 494 U.S. 325, 327, 337 (1990) ("A 'protective sweep' is a quick and limited search

---

[2] We acknowledge that there is currently a debate among district court judges regarding the vitality of the plain smell doctrine as applied to the smell of marijuana. *See generally, e.g.*, *Williams v. State*, 421 So. 3d 809 (Fla. 2d DCA 2025) (en banc). But we need not enter that debate at this time, as law enforcement searched Appellant's vehicle pursuant to the protective sweep exception—not based on the plain smell doctrine—and during the protective sweep law enforcement observed illegal drugs in plain view which led to law enforcement also observing a firearm in plain view.

of premises, incident to an arrest and conducted to protect the safety of police officers or others. It is narrowly confined to a cursory visual inspection of those places in which a person might be hiding. . . . The Fourth Amendment permits a properly limited protective sweep in conjunction with an . . . arrest [as an exception to the warrant requirement] when the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene."); *Pagan v. State*, 830 So. 2d 792, 808 (Fla. 2002) ("The plain view doctrine provides that items in plain view may be seized when (1) the seizing officer is in a position where he has a legitimate right to be, (2) the incriminating character of the evidence is immediately apparent, and (3) the seizing officer has a lawful right of access to the object." (citing *Horton v. California*, 496 U.S. 128, 136-37 (1990))); *United States v. Stanfield*, 109 F.3d 976, 989 (4th Cir. 1997) ("Because [the officer] was engaged in a reasonable protective search when he opened [the defendant's] passenger door for the limited purpose of determining . . . whether there were any other occupants within the vehicle who might pose a danger to him or his partners, and because the [evidence of a crime] that [the defendant] seeks to suppress was seen by [the officer] in plain view during the conduct of this reasonable search, the [trial] court's denial of [the defendant's] motion to suppress is affirmed."); *see generally State v. Markus*, 211 So. 3d 894, 907 (Fla. 2017) ("Reviewing courts measure the reasonableness of a warrantless

5

entry by the totality of the circumstances." (citing *Missouri v. McNeely*, 569 U.S. 141, 149 (2013))).[3]

AFFIRMED.

STARGEL and MIZE, JJ., concur.

William R. Ponall and Eric J. Sorice, of Ponall Law, Maitland, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[3] The State appropriately concedes that the search-incident-to-arrest exception has no application to this case, as Appellant was neither within reaching distance of the passenger compartment at the time of the search, nor was it reasonable to believe the vehicle contained evidence of Appellant's fleeing and eluding offense, nor were any drugs found on Appellant's person at the time of his arrest for fleeing and eluding. *See generally Gant*, 556 U.S. at 351 ("Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest.").